## THE STATE v. EDMUND JONES.

Decided December 1, 1927.

**Crimes—Sale of Liquor—Attitude of Court Toward Defendant's Counsel Submitted as Ground for Reversal—Counsel Alleges That He was Improperly Forced Into His Seat by a Court Officer at the Direction of the Court—Circumstances Considered, and Held, That if the Defendant was Prejudiced His Counsel was Responsible—Other Grounds for Reversal Held Without Merit.**

On error to the Morris Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the plaintiff in error, *Seth H. Ely*.

For the state, prosecutor of the pleas.

PER CURIAM.

The grand jury of Morris county indicted the defendant, Jones, for possessing intoxicating liquor for beverage purposes and for selling the same for such purposes. The trial of the cause resulted in his conviction, and he thereupon sued out the present writ of error.

The first ground for reversal specified in the reasons filed is that the trial court, having permitted "counsel for the defendant to be forcibly thrown into his chair and mistreated and abused in the presence of the jury, to the prejudice of the defendant," then refused to withdraw a juror and declare a mistrial, upon the application of the defendant's counsel, based his alleged forcible seating. An examination of the state of the case bearing upon this matter disclosed the following situation: A Mrs. Hubert was being examined on behalf of the state, and testified that her husband frequented the defendant's place, and that he frequently came home drunk. She was then asked if she knew where he got the liquor, to which she answered, "Yes." Then followed this question: "How do you know?" Counsel for defendant objected to the question, and the court overruled the objection, allowing counsel an exception to the ruling. The question was then repeated, and the witness answered: "Why, my son has often went there with his father, and his father has went in sober and come out drunk." Counsel for defendant then said, "Just a moment." Apparently he was on his feet when he said it, for the court said in reply: "She is telling how she knows; she may do it. Sit down." Counsel replied, "I want to register my complaint." The court again said, "Sit down;" to which counsel replied, "I have the right"——The court then said, "Mr. Beddows, will you put him down?" Counsel, disregarding the order of the court, then proceeded, saying, "I have the right to register my objection." This, as we have stated, he had already done, and an exception had been allowed to him to the court's ruling upon it. "Thereupon," to recite from the state of the case, "Mr. Beddows, a court officer, placed Mr. Ely in his chair by the counsel table." It is apparent from this recital that the ground for reversal above specified is based upon alleged facts that have no existence; namely, that "counsel for defendant was forcibly thrown into his chair and mistreated and abused." The trouble seems to have been that counsel considered that he was superior to the court in the determination of the methods to be pursued by him in the trial of the cause, and that the

court disagreed with him and undertook to demonstrate the unsoundness of counsel's position. The method adopted by the court seems to us not legally objectionable under the circumstances, and, if the occurrence prejudiced the defendant in his trial on the merits, his counsel alone is responsible for that result. We conclude, therefore, that the motion to discharge a juror and direct a mistrial was properly denied.

The only other grounds upon which a reversal is asked are that the court refused to direct an acquittal of the defendant at the close of the state's case, and again at the close of the entire case. The sole basis upon which these motions were rested was that there was no evidence that would support the charge made in the indictment. Our examination of the proofs satisfies us that the contrary was the fact, and that the motions were properly refused.

The judgment under review will be affirmed.